| | |
|---|---|
| **CELESTINE LEJEAUN, on behalf of himself and other persons similarly situated and JERRY MONROE** | **CIVIL ACTION NO.:** |
| **V.** | **JUDGE:** |
| **WASTE CONNECTIONS OF LOUISIANA, INC. and PROGRESSIVE WASTE SOLUTIONS OF LA, INC.** | **MAGISTRATE:** |

## COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Celestine Lejeaun ("Representative Plaintiff"), on behalf of himself and all similarly situated individuals (collectively referred to as "Plaintiffs"), and brings this his Collective Action Under the Fair Labor Standards Act, and Jerry Monroe, who brings an individual action under the Fair Labor Standards Act and Louisiana law, who state as follows:

## JURISDICTION AND VENUE

### 1.

Jurisdiction is conferred on this Court under 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

### 2.

Venue is proper under 28 U.S.C. 1391(b) and (c) because defendants, Waste Connections of Louisiana, Inc. and Progressive Waste Solutions of LA, Inc. (collectively referred to as "Defendants"), do business in this district and employ personnel to work in this district, and because substantial unlawful conduct giving rise to these claims occurred in this district.

## PARTIES

3.

The Representative Plaintiff is a citizen of the State of Louisiana. Plaintiffs are current and former employees of Defendants who have performed work for the Defendants driving trash collection trucks and/or collecting trash.

4.

Made Defendant herein is Waste Connections of Louisiana, Inc., a Delaware corporation registered to do business in Louisiana and doing business in Louisiana. Waste Connections of Louisiana, Inc. may be served by delivering a copy of the Summons and Complaint to its agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

5.

Made Defendant herein is Progressive Waste Solutions of LA, Inc., a Delaware corporation registered to do business in Louisiana and doing business in Louisiana. Progressive Waste solutions of LA, Inc. may be served by delivering a copy of the Summons and Complaint to its agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

6.

At pertinent times hereto each Defendant was an "employer" and therefore subject to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*

## **FACTS**

7.

Celestine Lejeaun and other persons similarly situated worked hours while employed by Defendants for which they either received no compensation, an erroneous hourly rate, or for which they were improperly paid at a rate less than one-and-one half times their normal hourly rate.

8.

Defendants' actions, as set forth more fully below, in failing to compensate Lejeaun and other persons similarly situated and failing to keep records in accordance with the provisions of the FLSA, were willful.

9.

As set forth more fully below, Defendants have engaged and continue to engage in a centralized, widespread pattern and practice of FLSA violations, violations of Louisiana law, and intentional schemes designed to undermine and avoid overtime pay provisions of the FLSA on a systemic, corporate-wide basis.

10.

At all relevant times herein, Lejeaun and other persons similarly situated were employed by Defendants as waste collectors.

11.

Jerry Monroe began working as the Operations Manager for Progressive Waste in Houma, Louisiana in April 2016. Monroe was a salaried, exempt employee. On August 1, 2016, Waste Connections became Monroe's employer.

12.

Plaintiff Lejeaun complained about the calculation of his wages. Lejeaun was hired at a rate of $17.50/hour on August 12, 2015, and worked 50-60 hours per week. Lejeaun had been paid "training pay" of $13.90 per hour by Manager Kenny Mooring when Lejeaun was driving a rear loader.

13.

In 2016, following LeJeaun's complaint, and at the request of the District Manager, Steve Slater, Plaintiff Monroe investigated the calculation of hourly employees' wages. Monroe's investigation revealed managers had been altering employees' time records in the electronic system without the employers' knowledge in order to comply with the regulations addressing hours of service of drivers. *See, e.g.,* 33 Louisiana Admin. Code Part V, §§ 10303-05, incorporating by reference 49 CFR § 395.3. These regulations limit driving time to 11 hours per day and 60 hours per week. 49 CFR § 395.3(a) – (b). Because of the fraudulent reduction in the record of hours worked, Plaintiffs were denied compensation for overtime hours.

14.

After compensating Lejeaun for approximately $3,000 in underpaid wages, based on Monroe's calculations, Progressive Waste Solutions of LA, Inc. terminated Lejeaun's employment.

15.

Monroe complained repeatedly about the continuation of the above-described pay practices to Bruce Emley, Division Vice President.

Waste Connections retaliated against Monroe after Monroe complained about the pay practices, suspending Monroe on January 17, 2017, for correcting pay rates. As directed by Division Vice President Bruce Emley, District Manager Justin Thibodaux removed job duties from Monroe, moved Monroe into a smaller rodent infested office, and instructed managers directly reporting to Monroe to bypass Monroe and report directly to Thibodaux. Monroe complained to Waste Connection's Human Resources about the retaliation via email on March 16, 2017. Following this Complaint, Waste Connections complaint ultimately terminated Monroe's employment on March 21, 2017.

## CAUSES OF ACTION

## FLSA OVERTIME CLAIM

17.

The foregoing allegations are incorporated herein as if fully reproduced.

18.

Defendants have failed and continue to fail to meet the requirements of Louisiana law and the FLSA by instituting policies and engaging in practices that deprive Lejeaun and those similarly situated of wages earned, and violate overtime pay and record keeping provisions of the FLSA. Specifically, Defendants violated these provisions by, among other things:

1.      Requiring, suffering, and/or permitting Plaintiffs to work hours "off the clock" throughout their work day by failing to record or pay wages by engaging in a policy or practice of reducing hours on Plaintiffs' time records;

2.      Violating the record-keeping provisions of the FLSA by failing to properly record hours worked; and

3.      Failing to properly calculate the overtime rate by, among other things, failing to record or pay wages for all hours worked and failing to pay overtime wages at one-and-one-half times the Plaintiffs' regular rate of pay as required by law.

19.

Lejeaun and those similarly situated were and/or are subject to the policies, conduct and practices of Defendants set forth above in paragraph 18 and, as a result, their number of hours worked as recorded by Defendants was far less than their actual number of hours worked.

20.

Pursuant to Defendants' policies and practices, Defendants have failed and continue to fail to compensate Lejeaun and those similarly situated for wages earned and pay Lejeaun and those similarly situated the overtime premium pay of one-and-one-half times their regular rate of pay for all hours worked in excess of a 40-hour work week.

## FLSA RETALIATION CLAIM

21.

The foregoing allegations are incorporated herein as if fully reproduced.

22.

Defendants retaliated against Plaintiff Monroe for his complaints of violations of the Fair Labor Standards Act, including a suspension in January 2017 and the termination of his employment on March 21, 2017. Between January 2017 and March 21, 2017, Defendants

removed Monroe's job duties and moved him into a small dingy office. These retaliatory acts violate the anti-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). Plaintiff Monroe seeks lost wages pursuant to 29 U.S.C. § 216(b) and an additional amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

23.

Likewise, Defendant Progressive Waste Solutions of LA, Inc. had earlier retaliated against Plaintiff Lejeaun, selecting him for layoff because of his complaint about unpaid wages.

**COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA**

24.

Lejeaun and those similarly situated and those similarly situated hereby incorporate by reference each of the preceding allegations as though fully set forth herein.

25.

Defendants have violated the provisions of the FLSA, resulting in damages to Lejeaun, and those similarly situated, in the form of unpaid wages, incurred and incurring costs and reasonable attorney's fees.

26.

As a result of the overtime pay and record keeping violations of the FLSA, Lejeaun and those similarly situated have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendants. In addition to the amount of unpaid wages owing to the Plaintiffs, they are also entitled to an additional amount of liquidated damages pursuant to 29 U.S.C. § 216(b) and/or prejudgment interest.

27.

Lejeaun and those similarly situated are also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

28.

Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Petition as Exhibit A is the Consent to Join Collective Action form signed by the Representative Plaintiff.

29.

Defendants' actions in failing to compensate the Plaintiffs in accordance with the provisions of the FLSA were willful and not in good faith.

30.

There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Specifically, all employees and former employees of Defendants who have been employed by the Defendants as drivers or trash collectors by Defendants in the State of Louisiana should receive notice and the opportunity to join the present lawsuit.

**<u>LOUISIANA UNPAID WAGE CLAIM</u>**

31.

The foregoing allegations are incorporated herein as if fully reproduced.

32.

Louisiana Revised Statute 23:631(A)(1)(a) provides that "[u]pon the discharge of any laborer or other employee of any kind whatsoever, it shall be the duty of the person employing

such laborer or other employee to pay the amount due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next payday or no later than fifteen days following the date of discharge, whichever occurs first."

33.

Defendants failed to pay all amounts due to Plaintiff Lejeaun.

34.

Pursuant to La. R.S. 23:632, Lejeaun is entitled to penalty wages and reasonable attorney fees in addition to unpaid wages, including overtime wages.

## LOUISIANA WHISTLEBLOWER CLAIM

35.

The foregoing allegations are incorporated herein as if fully reproduced.

36.

Monroe complained about violations of state law and then refused to participate in pay practices in violation of state law.

37.

Waste Connections reprisal against Monroe, including its termination of his employment, violates La. R.S. 23:967.

38.

Monroe is entitled to compensatory damages, back pay, benefits, reinstatement, attorneys' fees, and court costs. La. R.S. 23:967(B) – (C).

## JURY DEMAND

39.

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

**WHEREFORE,** Plaintiffs, Celestine Lejeaun, on behalf of himself and all similarly situated individuals, and Jerry Monroe, pray that Defendants be cited to appear and answer this lawsuit, and that after all due proceedings are had, there be judgment herein in favor of Plaintiffs and against Defendants awarding Plaintiffs damages, liquidated damages, attorneys' fees, costs penalties, unpaid wages and interest. Plaintiffs further pray for all other legal and/or equitable relief to which they may be entitled.

Respectfully submitted,

**ROBEIN, URANN, SPENCER,
PICARD & CANGEMI, APLC**


_s/Christina L. Carroll_
**CHRISTINA L. CARROLL (LA Bar 29789)**
2540 Severn Avenue, Suite 400
Metairie, Louisiana 70002
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
***Attorney for Plaintiffs***

**PLEASE SERVE:**
Waste Connections of Louisiana, Inc.
Through their registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

Progressive Waste Solutions of LA, Inc.
Through their registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802