UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CELESTINE LEJEAUN, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 17-5695**

**WASTE CONNECTIONS OF
LOUISIANA, INC., ET AL**                                         **SECTION "B"(3)**

ORDER AND REASONS

Before the Court is Defendant Progressive Waste Solutions of LA, Inc.'s "Motion for Partial Summary Judgment to Enforce Compromise" (Rec. Doc. 14), Plaintiff's "Opposition to Defendant's Motion for Partial Summary Judgment to Enforce Compromise" (Rec. Doc. 21), and Defendant's "Reply Memorandum in Support of Motion for Summary Judgment to Enforce Compromise" (Rec. Doc. 25).  For the reasons discussed below,

**IT IS ORDERED** that the Defendant Progressive Waste Solutions of LA, Inc.'s "Motion for Partial Summary Judgment to Enforce Compromise" (Rec. Doc. 14) is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Celestine[1] is one of three named plaintiffs bringing forth allegations regarding an employment and wage dispute against Defendants, Waste Connections of Louisiana Inc. ("Defendant WCL"), Progressive Waste Solutions of LA Inc. ("Defendant PWS"), Waste Connections US Inc. ("Defendant WCUS"), and IESI LA Landfill

---

[1] Assumed typographical error has the Plaintiff Lejeaun Celestine originally named as Celestine Lejeaun. See Rec. Docs. 14-2, 21-1.

1

Corporation ("Defendant IESI"), collectively referred to herein as "Defendants." Plaintiffs bring their claims on behalf of themselves and a class of similarly situated individuals.

The instant motion for Partial Summary Judgment, submitted by Defendant PWS seeks dismissal of Plaintiff Celestine's claims based on prior agreement entered between Plaintiff Celestine and Defendant PWS. Rec. Docs. 14-2, 21-1. The uncontested facts of this case provide that Plaintiff Celestine was hired by Defendant PWS as a driver in August 2015. Id. In early 2016, Plaintiff Celestine made a complaint about the calculation of his wages. Rec. Doc. 23-2 at 5. Following his complaint, investigation revealed errors in Plaintiff's compensation rates. Id. Plaintiff Celestine was compensated for $3,095.20 in underpaid wages. Rec. Docs. 14-2, 23-2. Shortly thereafter, Plaintiff Celestine was terminated by Defendant PWS.

Upon termination, Plaintiff Celestine signed a "Release of All Claims" (the "Release") and an "Acknowledgment" of payments he received in backpay. Rec. Docs. 14-7 and 14-4. According to the Release, in consideration of execution Plaintiff Celestine was to be paid $550.80, in addition to any payments/benefits he might otherwise be entitled to receive. Id. The instant motion by Defendant PWS asserts that Plaintiff Celestine should be dismissed as a party to this lawsuit as a result of language in the above-mentioned Release and the Acknowledgment that allegedly bar his

claims and acknowledge full compensation. Rec. Doc. 14. In the alternative, the instant motion requests Plaintiff Celestine not be allowed to bring forth his claims on behalf of a putative class in accordance with the terms of the Release. Id.

Defendant PWS asserts that Plaintiff Celestine knowingly and voluntarily executed a valid and enforceable release of the claims alleged in the Complaint. Rec. Doc. 14-1. Defendant PWS further argues that in the alternative, Plaintiff Celestine has waived and relinquished his right to serve in a representative capacity as to the claims alleged in the Complaint. Id.

Plaintiff Celestine contends that he did not waive his claim under the Fair Labor Standard Act ("FLSA"), and requests this Court allow him to proceed individually to pursue his FLSA overtime claim. Rec. Doc. 21. Plaintiff also seeks a delayed ruling under Rule 56(d). Id.

**LAW AND ANALYSIS**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*,

453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

Public policy favors enforcement of privately-settled employment claims, only where the employee's release of claims is "knowing" and "voluntary." *See Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994)(citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 527 (1974)). Determining what constitutes knowing and voluntary requires analysis under the "totality of the circumstances." *O'Hare v. Glob. Nat. Res., Inc.*, 898 F.2d 1015, 1017 (5th Cir. 1990). The Fifth Circuit has held the following, non-exhaustive, list of factors are relevant in such determination of voluntariness:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

Id. Also added to the above list is whether or not an employer encourages an employee to consult an attorney, and whether the employee had opportunity to do so. *Bormann v. AT & T Commc'ns, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989).

In regards to the FLSA specifically, the general rule establishes that FLSA claims cannot be waived; however, excepted from this are unsupervised settlements that are reached due to a bona fide FLSA dispute over hours worked or compensation owed. *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 165 (5th Cir. 2015). The Fifth Circuit has reasoned that such an exception does not undermine the purpose of the FLSA because employees do not waive their claims through some sort of bargain but instead receive compensation for the disputed hours. *See generally Martin v. Spring Break '83 Prods., L.L.C.,* 688 F.3d 247, 256 (5th Cir. 2012). For example, in *Martinez*, the court held that the plaintiff's acceptance of a check for $1,000 for settlement of all overtime claims at issue was a valid release of the plaintiff's FLSA rights and was enforceable in the litigation that followed the settlement. *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 611 (W.D. Tex. 2005).

Here, it is uncontested that Plaintiff Celestine signed two (2) agreements, the Release and the Acknowledgment, releasing all claims between himself and Defendant PWS. Rec. Doc. 21-2. To the extent permitted by law, Plaintiff Celestine's Release explicitly waives all claims that Plaintiff Celestine may have against Defendant PWS, "including any claims in a representative capacity." Rec. Doc. 14-7, 21-1. Plaintiff Celestine also admits to signing the Acknowledgment, certifying that he received

5

$3,095.20 in back pay and overtime from Defendant PWS. Rec. Doc. 14-4, 21-1. Further, the Release signed by Plaintiff Celestine provided for a "period of seven (7) calendar days to consider, execute and return the Agreement." Rec. Doc. 14-7. Paragraph 15 of the Release also advised Plaintiff Celestine to consult with an attorney. Id. The above-mentioned, uncontested facts, are prerequisite to this Court's finding that the Release signed by Plaintiff Celestine and the payments made in return by Defendant PWS are the types of private settlements of FLSA disputes for which federal precedent allows.

While Plaintiff Celestine disputes his understanding that the Release and payments were based on wages calculated at an incorrect hourly rate and that there was no mention of overtime during negotiations, the record evidences otherwise. Attached to the Acknowledgement signed by Plaintiff Celestine (Rec. Doc. 14-4) is Exhibit A-1 that provides the relevant portions of Defendant PWS' investigations. Exhibit A-1 clearly provides for the dates, time worked—including a column for overtime hours, total paid, and what should have been paid. Rec. Doc. 14-4. Plaintiff Celestine was paid the difference for all variances, including overtime that he was owed. See Id. Additionally, Plaintiff Celestine signed the Acknowledgment attached to said payroll investigation report that explicitly states, *inter alia*:

6

> I worked approximately 35 weeks during the Relevant Period for which I was not paid at my agreed-upon hourly rate. As a result, the pay rate I received for any overtime worked in those weeks was also affected. I further acknowledge and agree that $3,095.20 (the "Back Pay and Overtime") is a fair and appropriate back pay calculation and is an accurate reimbursement of all straight time and overtime hours for which I was not fully paid during the Relevant Period.

Rec. Doc. 14-4. As such, Plaintiff Celestine's contention that overtime was not mentioned during discussions with Defendant PWS is meritless.

Finally, Rule 56(d) governs discovery afforded to a party opposing a summary judgment motion:

> ***When Facts Are Unavailable to the Nonmovant***. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56. In *Cevasco*, a project manager failed to show that a need for discovery precluded grant of partial summary judgment for the railroad on its contractual indemnification claims against the project manager, where issues for which discovery was sought were not relevant to resolution of railroad's motion. *Cevasco v. Nat'l R.R. Passenger Corp.*, 606 F. Supp. 2d 401 (S.D.N.Y. 2009). Similarly, the issue for which discovery is sought by Plaintiff Celestine is not relevant to resolution of the instant motion as the issue presented is whether or not the Release itself

7

is a valid, knowing and voluntary settlement of his FLSA claim, and not whether the amount of payment he agreed upon under the terms of settlement was insufficient. It is unconvincing to generally claim the amount was insufficient while simultaneously asserting a conclusory need to determine whether or not claimant was compensated for owed straight and overtime pay.

New Orleans, Louisiana, this 10th day of October, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE