UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEJEAUN CELESTINE, ET AL.**                   **CIVIL ACTION**

**VERSUS**                                                  **NO. 17-5695**

**WASTE CONNECTIONS OF**                     **SECTION "B"(3)**
**LOUISIANA, INC., ET AL**

## ORDER AND REASONS

Considering Defendants', Progressive Waste Solutions of LA, Waste Connections of Louisiana, Waste Connections US, and IESI LA Corporation, Motion to Sever Plaintiff Monroe's FLSA Claim and to Dismiss His Claims Under the Louisiana Whistleblower Statute on Behalf of Defendants (Rec. Docs. 16 and 35), Plaintiffs' Response in Opposition (Rec. Doc. 22), and Defendants' Reply in Support of Motion to Sever (Rec. Docs. 42 and 55).

For the reasons discussed below,

**IT IS ORDERED** that the Motion to Sever Plaintiff Monroe's FLSA Claim and to Dismiss His Claims Under the Louisiana Whistleblower Statute on Behalf of Defendants (Rec. Docs. 16 and 35) is **GRANTED in part and DENIED in part**.

Plaintiff Monroe is one of three named plaintiffs bringing forth allegations regarding allegedly illegal employment practices by Defendants, Waste Connections of Louisiana Inc. ("Defendant WCL"), Progressive Waste Solutions of LA Inc. ("Defendant PWS"), Waste Connections US Inc. ("Defendant WCUS"), and IESI LA Landfill

1

Corporation ("Defendant IESI"), collectively referred to herein as "Defendants."

The instant motion filed by Defendants seeks to sever and dismiss Plaintiff Monroe's claims from the other plaintiffs in this case. Defendants argue that Plaintiff Jerry Monroe's claims should be severed under FRCP 21. Defendants contend that Plaintiff Monroe's claims are individualized and do not rise out of the same occurrence and do not involve the same law or facts. Defendants also assert that a joint trial would result in prejudice while promoting neither settlement nor judicial economy.

**Severance**

Under Federal Rule of Civil Procedure 21, severance "creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neil,* 709 F.2d 361, 368 (5th Cir.1983); *Allied Elevator, Inc. v. E. Texas State Bank of Buna*, 965 F.2d 34, 36 (5th Cir. 1992).

To determine whether a claim is to be severed, a court may consider the following factors: 1) whether the claim arose out of the same transaction or occurrence; 2) whether the claims present

common questions of law or fact; 3) whether settlement or judicial economy would be promoted; 4) whether prejudice would be averted by severance; 5) whether different witnesses and documentary proof are required for separate claims. *Xavier v. Belfor Grp. USA, Inc.*, No. CIV.A.06-491, 2008 WL 4862549, at *3 (E.D. La. Sept. 23, 2008); *E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Acad. of the Holy Family*, 922 F. Supp. 2d 550 (E.D. La. 2013).

The first two of the above five factors impose two specific requirements necessary for the joinder of parties, which are: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir.1974). "Generally, as long as both prongs of the test are met, "permissive joinder of plaintiffs ... is at the option of the plaintiffs." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). However, even where both prongs are satisfied, district courts are equipped with necessary discretion to refuse joinder in under certain circumstances. *Id*.

Application of the above test warrants a severance of Plaintiff Jerry Monroe's claims in this case. By prior Order and Reasons (Rec. Doc. 44) this Court dismissed Lejeaun Celestine from

3

this case. Subsequently, on November 17, 2017, after hearing on Plaintiffs' third Motion to Amend the Complaint, Magistrate Judge Knowles granted Plaintiffs' motion to amend (Rec. Doc. 50) **only** to the extent that they removed all reference(s) of Lejeaun Celestine from the Complaint. Rec. Doc. 57. In all other regards, Plaintiffs' motion to amend the complaint was denied as futile. *Id*. Finally, this Court granted Defendants' motion to dismiss (Rec. Doc. 37) in part, which: 1) dismissed all claims by Plaintiff Dawson against Defendant Waste Connections of Louisiana Inc., Defendant IESI LA Landfill Corporation, and Defendant Waste Connections US Inc, and 2) dismissed all claims by Plaintiff Monroe against Defendant Waste Connections of Louisiana Inc., and Defendant IESI LA Landfill Corporation. Rec. Doc. 60.

Examination of the record here compels severance of Plaintiff Monroe's claims. Plaintiff Dawson, was terminated by Defendant PWS in December 2015. However, the claims asserted by Plaintiff Monroe occurred during his employment with Defendant PWS, which began about four (4) months **after** Plaintiff Dawson's termination in April 2016. Rec. Docs. 12 and 55. While it is true that "transaction" is a word of flexible meaning and may comprehend a series of many occurrences, the flexibility required in this instance stretches beyond permissive joinder. *See Alexander v. Fulton Cty., Ga.*, 207

F.3d 1303, 1323 (11th Cir. 2000), overruled by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).

Plaintiff Monroe's claims fall short of the pre-requisites of the second prong, as they also fail to assert any common law(s) or fact(s) to Plaintiff Dawson's claims. Plaintiff Monroe, a former salaried manager alleges a claim pursuant to the anti-retaliation provision of the FLSA, as well as a claim under the Louisiana Whistleblower statute. Plaintiff Dawson, a former hourly employee of Defendants, alleges Louisiana and FLSA wage claims against the Defendants. Not only are these claims distinct and separate issues of law, the interests of judicial economy and avoidance of jury confusion also weigh in favor of severance.

Defendants' motion is **GRANTED in part.**

**<u>Dismissal</u>**

Finally, Defendants' motion seeks dismissal of Plaintiff Monroe's claims under La. R.S. §23:967. Defendants argue that Plaintiff Monroe fails to allege a violation of a Louisiana state law in his complaint. However, the amended Complaint (Rec. Doc. 28), in paragraph 40, alleges under the heading "Louisiana Whistleblower Claim" that "Monroe complained about violations of state law and then refused to participate in *pay practices in violation of state law*." The preceding paragraph 39 of the amended Complaint contains an incorporating statement of the Complaint's

5

foregoing allegations. It follows that the allegations set forth in the amended Complaint, that Defendants' failed to conduct business in comport with Louisiana Revised Statute 23:631(A)(1)(a), are the "*pay practices*" Plaintiff Monroe allegedly failed to implement while working for the Defendants. Accordingly, Defendants' motion is **DENIED in part**, insofar as it seeks to dismiss Plaintiff Monroe's whistleblower claim.

New Orleans, Louisiana, this 10th day of January, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE