**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LEJEAUN CELESTINE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5695** |
| **WASTE CONNECTIONS OF LOUISIANA, INC., ET AL** | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Waste Connections of Louisiana, Inc., Defendant Waste Connections US, Inc., and Defendant IESI LA Landfill Corporation's Motion to Dismiss (Rec. Doc. 37), and Plaintiffs' Response in Opposition (Rec. Doc. 46). For the following reasons,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part.**

**FACTS AND PROCEDURAL HISTORY**

Plaintiffs Cne Dawson and Jerry Monroe[1] bring forth allegations regarding allegedly illegal employment practices by Defendants, Waste Connections of Louisiana Inc. ("Defendant WCL"), Progressive Waste Solutions of LA Inc. ("Defendant PWS"), Waste Connections US Inc. ("Defendant WCUS"), and IESI LA Landfill Corporation ("Defendant IESI"); collectively referred to herein as "Defendants."

---

[1] By separate Order and Reasons, a third and former plaintiff, Lejeaun Celestine, was dismissed from this case.

1

Plaintiff Dawson was hired by Defendant PWS in August 2015, as a waste collector. Rec. Docs. 28 and 37. Dawson alleges that after an anonymous complaint to Defendant PWS regarding possible Fair Labor Standards Act ("FLSA") violations for inappropriate pay practices, Defendant PWS informed him that they would conduct an investigation. Rec. Doc. 28. In December 2015, Defendant PWS terminated Plaintiff Dawson's employment. Rec. Docs. 28 and 37-1.

Plaintiff Monroe was hired by Defendant PWS in April 2016, as the Operations Manager; a salaried, exempt employee. *Id*. On June 1, 2016, shortly after Plaintiff Monroe's hire, Defendants PWS and WCUS merged. *Id*. Plaintiff Monroe contends that after said merger, Defendants WCUS and PWS became joint employers. Rec. Doc. 28. Plaintiff Monroe further alleges that he was retaliated against by Defendants PWS and WCUS after he complained of Defendants' alleged illegal pay practices. *Id*. Plaintiff Monroe was ultimately terminated by Defendant WCUS on March 21, 2017. *Id*.

The instant Motion to Dismiss seeks to dismiss Plaintiffs' claims against Defendant WCL, Defendant WCUS, and Defendant IESI. Rec. Doc. 37. Defendants allege that Plaintiffs' complaint 1) fails to provide proper notice under Rule 8(a), 2) fails to properly allege individual or enterprise coverage under the FLSA, and 3) fails to adequately plead an employer-employee relationship between Plaintiffs and Defendants. *Id*.

**LAW AND ANALYSIS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982)).

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions,

are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Additionally, an employer violates the FLSA if it fails to pay covered employees at least one and one-half times their normal hourly rate for hours worked in excess of 40 hours a week. 29 U.S.C. §207. An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and

(4) the amount of overtime compensation due. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

### A. Plaintiff's failed to Allege Enterprise Coverage

The FLSA provides that:

> [N]o employer shall employ any of his employees who in any workweek is **engaged in commerce** or in the **production of goods for commerce**, or is employed in an **enterprise engaged in commerce** or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C.A. § 207 (Emphasis added). It follows that a Plaintiff seeking redress under the FLSA must establish "enterprise coverage." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Id*.

Plaintiffs concede that they failed to allege enterprise coverage. In their response to the instant motion, Plaintiffs admit "[t]o the extent Plaintiffs failed to allege enterprise coverage, Plaintiffs have moved to amend their complaint to allege specifically that each Defendant is an enterprise engaged in commerce with annual gross volume of business in excess of $500,000." Rec. Doc. 46 at 13. Nevertheless, on November 20, 2017, after oral hearing, Magistrate Judge Knowles denied Plaintiffs' motion to amend/correct their already second amended complaint.

5

Rec. Doc. 57. The Court found that Plaintiff's failed to properly allege any injuries at the hands of Defendant IESI. *Id*. The Court also found that any further amendments to the complaint, to include Defendant IESI or to allege enterprise coverage was futile. *Id*.

**B. Plaintiff's failed to Allege Employer-Employee Relationship**

    **1. Plaintiff Dawson**

As provided above, in order to pursue an FLSA action against any of the Defendants, Plaintiff Dawson must sufficiently allege an employer-employee relationship. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203. As a result, Defendant PWS is the only Defendant with which Plaintiff Dawson sufficiently alleges any employer-employee relationship. *See* Rec. Doc. 28. Defendant PWS terminated Plaintiff Dawson's employment in December 2015. *Id*. Defendant PWS and Defendant WCUS did not merge until June 2016—well after Plaintiff Dawson's termination. As a result, Plaintiff Dawson's FLSA complaint establishes that he was an employee of Defendant PWS. In fact, Plaintiffs' Second Amended Complaint (Rec. Doc. 28) concedes that, "Celestine, Dawson, and other persons similarly situation were originally employed ***solely*** by Defendant Progressive Waste Solutions of LA, Inc. as waste collectors." Rec. Doc. 28 at 4 (emphasis added).

Defendant PWS was Plaintiff Dawson's only "employer" for the purposes of this FLSA action.

**2. Plaintiff Monroe**

Plaintiff Monroe was an employee of Defendant PWS, and possibly Defendant WCUS after the June 1, 2016 merger of both companies. Plaintiff Monroe alleges the following claims against the Defendants: 1) an FLSA retaliation claim, and 2) a claim under the Louisiana whistleblower statute.

Both of Plaintiff Monroe's claims require he sufficiently establish an employer-employee relationship with each of the Defendants. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The proper test of employment in the Fifth Circuit for an FLSA claim is whether an alleged employer "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Tillman v. Louisiana Children's Med. Ctr.*, No. CV 16-14291, 2017 WL 1399619, at *2 (E.D. La. Apr. 19, 2017). Under the Louisiana Whistleblower Statute, Louisiana law dictates that an employer "means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state

7

receiving services from an employee and, in return, giving compensation of any kind to an employee." La. Stat. Ann. § 23:302.

While from the above-mentioned facts, it is arguable that Plaintiff Monroe alleges an employee relationship with Defendant PWS and possibly Defendant WCUS—post merger, Plaintiff Monroe fails to sufficiently allege an employer-employee relationship with any of the remaining defendants. Further, mere corporate affiliation/parentage does not substantiate a piercing of corporate veil under Delaware law. *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995). Accordingly,

**IT IS ORDERED** that all claims by Plaintiff Dawson against Defendant Waste Connections of Louisiana Inc., Defendant IESI LA Landfill Corporation, and Defendant Waste Connections US Inc. are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that all claims by Plaintiff Monroe against Defendant Waste Connections of Louisiana Inc., and Defendant IESI LA Landfill Corporation are **DISMISSED without prejudice.**

**Judgment will be entered unless a timely and well-grounded motion to amend/reconsider is filed to address noted deficiencies.**

New Orleans, Louisiana, this 10th day of January, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE